MORAN, WINDES & WONG, PLLC
DENNIS M. MORAN          8235-0
5608 17th Avenue NW
Seattle, Washington 98107
Telephone: (206) 788-3000
Facsimile: (206) 788-3001
dennis@mwwlaw.net

Attorneys for Defendant/Counter-
Claimant/Third-Party Defendant
KIRIBATI SEAFOOD CO., LLC and
Plaintiff INTERNATIONAL SPECIALTY,
INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARISCO, LTD., a Hawaii corporation,<br><br>Plaintiff,<br><br>vs.<br><br>F/V MADEE, UNITED STATES COAST GUARD DOCUMENT NO. D546488, IN REM, and KIRIBATI SEAFOOD CO., LLC, a foreign corporation, IN PERSONAM,<br><br>Defendants. | CIVIL NO. 02-00093 ER-LEK<br>[Consolidated Case]<br><br><br><br>**AMENDED** NOTICE OF APPEAL for USCA No.: 05-16700; EXHIBIT "A" and "B"; CERTIFICATE OF SERVICE |
| INTERNATIONAL SPECIALTY, INC. AS AUTHORIZED AGENTS FOR NATIONAL CASUALTY CO.,<br><br>Plaintiff,<br>vs. | CIVIL NO. 02-00272 ER-LEK |

| MARISCO, LTD., | BENCH TRIAL: July 6, 2005 |
| Defendant. | JUDGE: Hon. Edward Rafeedie |

## AMENDED NOTICE OF APPEAL for USCA No.: 05-16700

Notice is hereby given that Defendant/Counter-Claimant/Third-Party Defendant KIRIBATI SEAFOOD CO., LLC and Plaintiff INTERNATIONAL SPECIALTY, INC. hereby amends its appeal to the United States Court of Appeals for the Ninth Circuit from a Judgment entered in this action on July 22, 2005 and an Order entered in this action on February 9, 2006. A copy of the Judgment from which this appeal was originally filed is attached to this Notice as Exhibit A. A copy of the Orders from which this appeal is amended is attached to this Amended Notice as Exhibit B.

Notices of Appeal were filed and fees were paid by both parties in August 2005, and given a USCA Docket Number of 05-16700. In October 2005, parties filed their Civil Appeals Docketing Statements and the Transcript Designation and Ordering Forms were submitted and filed by the Court Reporter. Counsel was notified that the Appeals Court would stay the appeals pending the outcome of the District Court's rulings on the Motions for New Trial. The motions have been denied and the Circuit Court Mediator has been notified of the rulings. The scheduling of an assessment conference by the Ninth Circuit Court of Appeals Chief Circuit

Mediator is pending. The filings of briefs were stayed by the Appeals Court.

DATED: Seattle, Washington, February 22, 2006

                           _____
                           DENNIS M. MORAN
                           Attorneys for Defendant/Counter-
                           Claimant/Third-Party Defendant
                           KIRIBATI SEAFOOD CO., LLC
                           and Plaintiff INTERNATIONAL
                           SPECIALTY, INC.

```
                FILED IN THE
         UNITED STATES DISTRICT COURT
              DISTRICT OF HAWAII

                JUL 8  2005

     at __4__ o'clock and __30__ __ __M
              SUE BEITIA, CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARISCO, LTD., <br><br>    Plaintiff,<br>    v.<br>F/V MADEE, UNITED STATES COAST GUARD DOCUMENT NO. D546488, IN REM, et al.,<br><br>    Defendants. | CV No.  02-93<br>CV No.  02-272<br>(Cases consolidated)<br><br>JUDGMENT |
| INTERNATIONAL SPECIALTY INC.,<br>    Plaintiff,<br>    v.<br>MARISCO, LTD.<br>    Defendant. | |
| MARISCO, LTD.,<br>    Third-Party Plaintiff,<br>    v.<br>KIRIBATI SEAFOOD CO. L.L.C.,<br>    Third-Party Defendant. | |

Exhibit __A__
Page __1__ of __3__

The Court, having given its oral findings of fact and conclusions of law in open Court on July 8, 2005, hereby enters judgment as follows:

[1] In Case No. CV 02-93, judgment is ordered entered in favor of Marisco, Ltd., and against Kiribati Seafood Company, in personam, and against the F/V MADEE, in rem, jointly and severally, in the sum of $404,829.08. Marisco is also entitled to pre-judgment interest at the rate of 10% per annum, from October 1, 2001 to the date of entry of judgment.

Kiribati Seafood Company shall take nothing by way of its counterclaim, and judgment shall be entered in favor of Marisco, and against Kiribati, on the counter-claim.

Marisco shall recover its costs.

[2] In Case No. CV 02-272, judgment is ordered entered in favor of Plaintiff International Speciality, Inc., and against Marisco, Ltd., in the sum of $189,760.30. International Speciality is also entitled to pre-judgment interest at the rate of 10% per annum, from October 8, 2001.

International Speciality shall recover its costs.

Marisco, Ltd. shall take nothing by way of its third-party complaint, and judgment shall be entered in favor of Kiribati Seafood Company, and against Marisco.

Kiribati Seafood Company shall recover its costs.

2

Exhibit _A_
Page _2_ of _3_

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United States mail or by telefax or by email, copies of this Order on counsel for the parties in this matter.

Dated: July 09, 2005

*[signature]*

EDWARD RAFEEDIE
Senior United States District Judge

Exhibit _A_
Page _3_ of _3_

Case 1:02-cv-00272-DAE    Document 547    Filed 02/22/2006    Page 7 of 14
Feb-09-06  03:16pm  Case 1:02-cv-00272-ER  Document 546  Filed 02/09/2006  Page 1 of 3
From-US DISTRICT CT    +2135843021    T-240  P.02/04  F-383

cc: All counsel of Record

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 9 2006

at \_\_\_ o'clock and \_\_\_ min \_\_\_ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARISCO, LTD. ) | CV No.    02-93 |
| ) | CV No.    02-272 |
| Plaintiff, ) | (Cases consolidated) |
| ) | |
| vs. ) | |
| ) | ORDER DENYING MOTIONS FOR NEW |
| F/V MADEE, et al., ) | TRIAL |
| ) | |
| Defendants. ) | |

Marisco, Ltd. ("Marisco") and Kiribati Seafood Co. ("Kiribati") have each filed motions for a new trial. "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." Wright & Miller, Fed. Practice & Proc. § 2803 (West 2005). Finding that neither side has met its burden, the Court hereby DENIES both motions for the following reasons:

Exhibit B
Page 1 of 6

1. <u>Motion of Marisco, Ltd.</u>

Marisco's motion addresses the Court's ruling on Marisco's third-party complaint, which alleged that Kiribati breached its duty to include Marisco as an "additional assured" on its insurance policy with International Speciality, Inc. ("ISI"). At trial, the Court found that Marisco had failed to prove by a preponderance of the evidence that it suffered any damage as a result of this breach. Marisco has failed to demonstrate that this conclusion was legally or factually incorrect, and accordingly, the motion for a new trial is DENIED.

2. <u>Motion of Kiribati Seafood Co.</u>

Kiribati's motion raises two issues. First, it alleges that the Court granted Marisco an award of damages on a claim that was not properly pled. This motion is without merit. Marisco's pleadings and supplemental disclosures more than adequately put Kiribati on notice of the damages sought at trial.

The second issue raised in Kiribati's motion is that a summary of issues, filed by the Court the day before trial, prejudiced Kiribati's ability to prepare for trial. This argument is meritless. The summary of issues was

Exhibit B
Page 2 of 6

explicitly not an order, as Kiribati claims. It did not in any way limit what evidence or argument could be presented at trial. It was simply the Court's attempt to briefly summarize the issues remaining to be litigated in an effort to streamline the trial. A party's failure to be adequately prepared for trial is hardly grounds for a new trial under Rule 59(a). See Ball v. Interoceanica Corp., 71 F.3d 73, 76 (2d Cir. 1995) ("A trial court should not grant a new trial merely because the losing party can probably present a better case on another trial.") (citations omitted).

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United States mail or by telefax or by email, copies of this Order on counsel for the parties in this matter.

Dated: February 9, 2006

*[signature]*
EDWARD RAFEEDIE
Senior United States District Judge

3

Exhibit B
Page 3 of 6

cc: All counsel of Record

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 9 2006

at __1__ o'clock and __10__ __P__ __CS__ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARISCO, LTD.<br><br>    Plaintiff,<br><br>vs.<br><br>F/V MADEE, et al.,<br><br>    Defendants. | CV No. 02-93<br>CV No. 02-272<br>(Cases consolidated)<br><br>ORDER DENYING MOTIONS FOR NEW TRIAL |

Marisco, Ltd. ("Marisco") and Kiribati Seafood Co. ("Kiribati") have each filed motions for a new trial. "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." Wright & Miller, Fed. Practice & Proc. § 2803 (West 2005). Finding that neither side has met its burden, the Court hereby DENIES both motions for the following reasons:

Exhibit B
Page 4 of 6

1. <u>Motion of Marisco, Ltd.</u>

Marisco's motion addresses the Court's ruling on Marisco's third-party complaint, which alleged that Kiribati breached its duty to include Marisco as an "additional assured" on its insurance policy with International Speciality, Inc. ("ISI"). At trial, the Court found that Marisco had failed to prove by a preponderance of the evidence that it suffered any damage as a result of this breach. Marisco has failed to demonstrate that this conclusion was legally or factually incorrect, and accordingly, the motion for a new trial is DENIED.

2. <u>Motion of Kiribati Seafood Co.</u>

Kiribati's motion raises two issues. First, it alleges that the Court granted Marisco an award of damages on a claim that was not properly pled. This motion is without merit. Marisco's pleadings and supplemental disclosures more than adequately put Kiribati on notice of the damages sought at trial.

The second issue raised in Kiribati's motion is that a summary of issues, filed by the Court the day before trial, prejudiced Kiribati's ability to prepare for trial. This argument is meritless. The summary of issues was

2

Exhibit B
Page 5 of 6

explicitly not an order, as Kiribati claims. It did not in any way limit what evidence or argument could be presented at trial. It was simply the Court's attempt to briefly summarize the issues remaining to be litigated in an effort to streamline the trial. A party's failure to be adequately prepared for trial is hardly grounds for a new trial under Rule 59(a). See Ball v. Interoceanica Corp., 71 F.3d 73, 76 (2d Cir. 1995) ("A trial court should not grant a new trial merely because the losing party can probably present a better case on another trial.") (citations omitted).

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United States mail or by telefax or by email, copies of this Order on counsel for the parties in this matter.

Dated: February 9, 2006

_____
EDWARD RAFEEDIE
Senior United States District Judge

3

Exhibit B
Page 6 of 6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARISCO, LTD., a Hawaii corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>F/V MADEE, UNITED STATES COAST GUARD DOCUMENT NO. D546488, IN REM, and KIRIBATI SEAFOOD CO., LLC, a foreign corporation, IN PERSONAM,<br><br>　　　　　Defendants. | CIVIL NO. 02-00093 ER-LEK [Consolidated Case]<br><br>CERTIFICATE OF SERVICE |
| INTERNATIONAL SPECIALTY, INC. AS AUTHORIZED AGENTS FOR NATIONAL CASUALTY CO.,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>MARISCO, LTD.,<br><br>　　　　　Defendant. | CIVIL NO. 02-00272 ER-LEK |

## CERTIFICATE OF SERVICE

I certify that on the date below, a true and correct copy of the foregoing will be served upon the following by facsimile and U.S. mail to:

4

Michael L. Freed, Esq.
Michael L. Freed & Associates
841 Bishop Street
Suite 1200
Honolulu, HI 96813

and

John R. Fitzgerald, Esq.
McAlpine & Cozad
701 S. Peters Street, Suite 300
New Orleans LA 70130

Attorneys for Marisco, Ltd.

David E. Lombardi, Jr.
United States Court of Appeals
   for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Chief Circuit Mediator


DATED: Seattle, Washington, February 22, 2006

_____
DENNIS M. MORAN
Attorneys for Defendant/Counter-
Claimant/Third-Party Defendant
KIRIBATI SEAFOOD CO., LLC
and Plaintiff INTERNATIONAL
SPECIALTY, INC.