IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MARISCO, LTD., a Hawai`i corporation, | ) ) ) | CIVIL NO. 02-00093 DAE-LEK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| F/V MADEE, UNITED STATES COAST GUARD DOCUMENT NO. D546488, IN REM, ET AL., | ) ) ) ) | |
| Defendants. | ) ) | |
| INTERNATIONAL SPECIALTY, INC. AS AUTHORIZED AGENTS FOR NATIONAL CASUALTY CO., | ) ) ) ) | CIVIL NO. 02-00272 DAE-LEK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| MARISCO, LTD., | ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT/COUNTER-CLAIMANT/THIRD-PARTY DEFENDANT KIRIBATI SEAFOOD CO., L.L.C. AND PLAINTIFF INTERNATIONAL SPECIALITY, INC.**

Before the Court is Goodsill Anderson Quinn & Stifel's ("Goodsill") Motion to Withdraw as Counsel for Defendant/Counter-claimant/Third-party Defendant Kiribati Seafood Co., L.L.C. and Plaintiff International Speciality, Inc. ("Motion"), filed on March 2, 2006. Plaintiff/Defendant/Third-party Plaintiff Marisco, Ltd. ("Marisco") filed a statement of no opposition on March 9, 2006. Pursuant to Local Rule 7.2(d), this Court finds the Motion suitable for disposition without a hearing. After

careful consideration of the Motion and the applicable case law, this Court GRANTS Goodsill's Motion.

Local Rule 86.3 provides that the court may permit an attorney to withdraw upon a motion establishing "good cause." A court should grant an attorney's motion to withdraw where there is a conflict of interest or an irreconcilable conflict between the attorney and the client which is so severe that it results in a complete lack of communication preventing adequate representation. See United States v. Cole, 988 F.2d 681, 683 (7th Cir. 1993). Even where good cause exists, however, other factors may take precedence. See In re Tutu Wells Contamination Litig., 164 F.R.D. 41, 44 (D.V.I. 1995). For example, the court may consider: the extent to which withdrawal will disrupt the case; how long the case has been pending; the financial burden the client will face in finding new counsel; see Byrd v. Dist. of Columbia, 271 F. Supp. 2d 174, 176 (D.D.C. 2003); prejudice to other parties; and whether withdrawal will harm the administration of justice; see United States ex rel. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc., 994 F. Supp. 244, 252-53 (D.N.J. 1997).

In the present case, Goodsill seeks to withdraw because Defendant/Counter-claimant/Third-party Defendant Kiribati Seafood Co., L.L.C. ("Kiribati") has not paid Goodsill's legal fees since

December 2004.[1]  Goodsill argues that Kiribati and International will not be prejudiced if Goodsill withdraws because they are also represented by Dennis Moran, Esq., who is licensed to practice in Hawai`i and has agreed to continue the representation alone.[2]  Mr. Moran, who has his office in Seattle, Washington, was admitted pro hac vice as counsel for Kiribati on June 9, 2003 and for International on March 7, 2005.  Mr. Moran, however, was admitted to the Hawai`i bar on May 2, 2005.

"[W]ithdrawal for failure to pay a fee 'will not necessarily be appropriate in all . . . circumstances.'"  Hasbro, Inc. v. Serafino, 966 F. Supp. 108, 110 (D. Mass. 1997) (quoting Hammond v. T.J. Litle & Co., Inc., 809 F. Supp. 156, 161 (D. Mass. 1992)).  In determining whether to allow counsel to withdraw, the court should consider: the amount of work remaining in comparison to the amount of work already performed and paid for; the amount of fees already paid; and the effect of withdrawal on the client.  See id.; see also Gibbs v. Lappies, 828 F. Supp. 6, 8 (D.N.H. 1993) (denying motion to withdraw where withdrawal would adversely affect client).  Judgement in this

---

[1] Goodsill only billed Kiribati because Goodsill only nominally represents Plaintiff International Speciality, Inc. ("International").  International was one of Kiribati's insurers and it assigned its claims in this case to Kiribati as part of a settlement in another action.

[2] Donald Radcliff, Esq., and Michael Siboni, Esq., were also previously admitted to represent Kiribati pro hac vice.

case was entered on July 8, 2005 and the district court denied the motions for new trial on February 9, 2006.  The case is currently on appeal before the Ninth Circuit Court of Appeals, which has allowed Goodsill to withdraw as counsel for Kiribati and International.  The only matter currently pending in this district is Kiribati's objections to Marisco's bill of costs.

This Court finds that there is a severe irreconcilable conflict between Goodsill and Kiribati concerning the payment of Goodsill's legal fees.  Kiribati and International will not be prejudiced by Goodsill's withdrawal because they are still represented by Mr. Moran, who is now licensed to practice in the district.  Further, in light of the fact that the litigation in this district is virtually complete, Goodsill's withdrawal will neither disrupt the case nor prejudice Marisco.  This Court therefore finds that Goodsill has established that good cause exists for its withdrawal.

On the basis of the foregoing, Goodsill's Motion to Withdraw is GRANTED.  The Court also orders Mr. Moran to file a notice of the change in his pro hac vice status, as required by Local Rule 83.1(f).  Mr. Moran shall file said notice by March 31, 2006.

IT IS SO ORDERED.

4


Case 1:02-cv-00272-DAE   Document 553   Filed 03/16/2006   Page 5 of 5

DATED AT HONOLULU, HAWAI`I, March 16, 2006.



                                        Leslie E. Kobayashi
                                        United States Magistrate Judge

**MARISCO, LTD. V. F/V MADEE, ET AL; and INTERNATIONAL SPECIALTY INC. V. MARISCO, LTD.; CIVIL NOS. 02-00093 & 02-000272 ER-LEK; ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT/COUNTER-CLAIMANT/THIRD-PARTY DEFENDANT KIRIBATI SEAFOOD CO., L.L.C. AND PLAINTIFF INTERNATIONAL SPECIALTY, INC.**