FILED

**NOT FOR PUBLICATION**

MAR 11 2008

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INTERNATIONAL SPECIALTY, INC., As Authorized Agents for National Casualty Co., | No. 05-16700 |
| Plaintiff - Appellant, | D.C. Nos. CV- 02-0093- ER<br>CV- 02-0272- ER |
| MARISCO LTD, a Hawaii corporation, | MEMORANDUM* |
| Plaintiff-counter-defendant - Appellee, | |
|   v. | |
| MADEE, F/V, United States Coast Guard Document No. D546488, In Rem, | |
| Defendant - Appellee, | |
| KIRIBATI SEAFOOD CO. L.L.C., a foreign corporation, in personam, | |
| Defendant-counter-claimant - Appellant, | |
|   v. | |
| MARISCO CO. LTD., | |

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  Defendant-third-party-plaintiff - Appellee,

 v.

KIRIBATI SEAFOOD CO. L.L.C.,

  Third-party-defendant - Appellant.

---

MARISCO LTD, a Hawaii corporation,

  Plaintiff - Appellant,

INTERNATIONAL SPECIALTY, INC., As Authorized Agents for National Casualty Co.,

  Plaintiff - Appellee,

KIRIBATI SEAFOOD CO. L.L.C.,

  Counter-claimant - Appellee,

 v.

MADEE, F/V, United States Coast Guard Document No. D546488, In Rem; KIRIBATI SEAFOOD CO. L.L.C., a foreign corporation, in personam,

  Defendants - Appellees,

MARISCO CO. LTD.,

  Counter-defendant - Appellant.

No. 05-16823

D.C. Nos. CV- 02-0093- ER
    CV- 02-0272- ER

Appeals from the United States District Court
for the District of Hawaii
Edward Rafeedie, District Judge, Presiding

Argued and Submitted November 1, 2007
Honolulu, Hawaii

Before:    O'SCANNLAIN, TASHIMA, and M. SMITH, Circuit Judges.

These cross-appeals arise out of two separate actions consolidated in the district court. Both actions stem from a contractual relationship between Kiribati Seafood Co. L.L.C. ("KSC") and Marisco, Ltd. ("Marisco") for the repair of KSC's fishing vessel, the F/V Madee. The first was an action brought by Marisco against the Madee and KSC for amounts unpaid on the repair contract. The second was an action in subrogation brought by KSC's insurer, International Specialty, Inc. ("ISI"), to recover costs of repair following damage to the Madee resulting from Marisco's negligent attachment of its starboard rudder. Following cross-motions for partial summary judgment, the district court conducted a two-day bench trial, resolving issues in favor of both parties. The parties cross-appealed.

KSC contends that the district court erred in (1) granting partial summary judgment in favor of Marisco foreclosing recovery of damages arising from the collapse of the Tahitian dry dock due to a pleading deficiency under Federal Rule

of Civil Procedure 8(a); (2) granting partial summary judgment in favor of Marisco on the issue of superceding cause; and (3) allowing Marisco to pursue its claim for the entire amount of the repair contract at trial, and introducing the theory of contract divisibility in its Statement of Issues only one day prior to trial.  Both parties (4) challenge factual findings made by the district court following the two-day bench trial.  Finally, Marisco contends that the district court erred in (5) concluding that KSC's breach of its agreement to name Marisco as an additional insured on KSC's insurance policy caused Marisco no damage.  We have jurisdiction under 28 U.S.C. § 1291 and discuss each issue in turn.

**1.**    KSC argues that the district court erred in dismissing its economic loss claim for damages resulting from the destruction of the Madee on summary judgment.  The district court determined that KSC's pleading was deficient under Federal Rule of Civil Procedure 8(a) because KSC failed to amend its counterclaim to include losses attributable to the collapse of the Tahitian dry dock.  Even assuming that KSC's counterclaim satisfied the liberal pleading requirements of Rule 8(a), we conclude that the district court's error was harmless because, as discussed below, the collapse of the dry dock was a superceding cause that relieved Marisco of liability for damages to the Madee arising thereafter.

**2.** KSC also contends that the district court erred by determining, as a matter of law, that the collapse of the Tahitian dry dock was a superceding cause that prevented recovery for economic losses following the collapse. Although a district court's determination of negligence in admiralty cases is a finding of fact reviewed under the clearly erroneous standard, *see Exxon Co. v. Sofec, Inc.*, 54 F.3d 570, 576 (9th Cir. 1995), at the summary judgment phase, the question whether an event was a superceding cause is one of law. Thus, it is reviewed de novo. *Id.* at 573.

The doctrine of superceding cause applies in situations where "the defendant's negligence in fact substantially contributed to the plaintiff's injury, but the injury was actually brought about by a later cause of independent origin that was not foreseeable." *See Exxon Co., U.S.A. v. Sofec Inc.*, 517 U.S. 830, 836 (1996). KSC failed to cite any facts in the record indicating that the collapse of the dry dock was foreseeable. Therefore, the district court correctly concluded that the collapse was a superceding cause of the damages to the Madee that followed.

**3.** KSC contends that the district court erred when it allowed Marisco to pursue a claim for the unpaid amount of the repair contract, $404,829.08, instead of the amount agreed upon in the letter dated August 24, 2001. If Marisco accepted the letter agreement in satisfaction of KSC's existing duty, then the letter

agreement would have discharged KSC's obligations under the repair contract, and Marisco could no longer seek to enforce it.  *See* Restatement (Second) of Contracts § 279 (1981).  The question whether a subsequent agreement extinguishes obligations under the original agreement turns on the parties' intent.  *See Fanucchi & Limi Farms v. United Agri Prods.*, 414 F.3d 1075, 1082 (9th Cir. 2005).  Determination of the parties' intent is a highly fact-specific inquiry and, as such, is generally inappropriate for resolution as a matter of law.  *See id.*  This is especially true where, as here, the district court did not make findings with respect to the parties' intent in entering into the letter agreement.  Therefore, we remand this matter to the district court for it to determine whether the parties intended the letter agreement to constitute a substituted contract.[1]

  **4.** Both parties challenge the finding of the district court that the total amount of reasonable expenses incurred by ISI for the repair of the Madee following the rudder casualty was $189,760.30.  KSC argues that the district court improperly refused to consider the testimony of all of its witnesses, and should

---

[1] KSC also contends that the district court erred by introducing the theory of contract divisibility in its Statement of Issues only one day prior to trial.  We need not address this contention of unfair "surprise" in light of our remand of the issue of the parties' intent in entering into the letter agreement for trial or other determination.

have properly awarded damages in the amount of $600,000. Marisco argues that its evidence suggested that the fair and reasonable cost of repairing a rudder would be no more than $14,000.

Findings of the district court, sitting in admiralty without a jury, are reviewed for clear error. *Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 634-35 (9th Cir. 2002). We give special deference to the district court's credibility findings, *Exxon*, 54 F.3d at 576, and will only reverse if "left with a definite and firm conviction that a mistake has been committed." *Resner v. Arctic Orion Fisheries*, 83 F.3d 271, 273 (9th Cir. 1996) (citation and quotation marks omitted). Neither party has called to our attention any instances of clear error by the district court. Therefore, the district court's judgment in the amount of $189,760.30 is affirmed.

5.     Marisco contends that the district court erred in concluding that it (Marisco) was not harmed by KSC's breach of its agreement to name Marisco as an additional insured on its hull insurance policy. The determination of a contractual damage award is reviewed for clear error "except to the extent that the legal principles have been misapplied, in which event the issue is reviewed de novo." *Palmer Constr., Inc. v. Cal State Elec., Inc.*, 940 F.2d 1260, 1261 (9th Cir. 1991). In this case, the district court correctly reasoned that in the absence of a

subrogation claim, KSC would have been able to recover the same amount directly from Marisco.  Although arriving at that conclusion involves some degree of speculation, the determination of contract damages requires only reasonable certainty.  Here, the district court's review of the evidence presented relating to expenses incurred in the repair of the Madee provided a sufficient basis for its finding that Marisco was not harmed by KSC's breach.  There was no clear error.

Each party shall bear its own costs on appeal.

**AFFIRMED in part,  REVERSED in part, and REMANDED.**